[Cite as *State v. Jones*, 2013-Ohio-4915.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   99538

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# LAUREN JONES

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561064

**BEFORE:**   E.A. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    November 7, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mary Weston
           Kristen L. Sobieski
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEE**

Joseph C. Patituce
Megan M. Patituce
Jennifer Scott
Patituce & Associates, L.L.C.
26777 Lorain Road
Suite 708
North Olmsted, OH    44070

Reuben J. Sheperd
11510 Buckeye Road
Cleveland, OH   44104

EILEEN A. GALLAGHER, J.:

{¶1}   The state of Ohio appeals the decision of the trial court granting the defendant-appellant's motion to suppress.   The state argues that the trial court erred when it concluded that a single trash pull did not supply sufficient probable cause to support the issuance of a search warrant.   For the following reasons, we affirm the decision of the trial court.

{¶2}   Cleveland police narcotics detective Matthew Baeppler learned from a confidential reliable informant that a female named Lauren, whom the informant described as African American and overweight, was manufacturing methamphetamine in the Cleveland area.   Detective Baeppler also learned that Jennifer Chappel, known as "Jen Jen," cooks methamphetamine and that she had moved her cooking operation to Rowley Avenue.

{¶3}   On December 4, 2011, a burglary was reported at 1116 Rowley Avenue. Officers responded and arrested Ilya Shpilman, a person known to have involvement with methamphetamine, in connection with the burglary.

{¶4}   Approximately three months after the burglary, Detective Baeppler and other narcotics detectives were in the Cuyahoga County Justice Center on a matter unrelated to the Rowley Avenue burglary.   While there, Detective Baeppler observed Jennifer Chappel, who was known to him, sitting next to an overweight, black female who had been speaking with an assistant county prosecutor.   Believing that this unidentified female could be the "Lauren," Detective Baeppler asked the prosecutor the

identity of the woman with Chappel. The prosecutor informed Detective Baeppler that the female sitting with Jennifer Chappel was Lauren Jones and that Jones lived at 1116 Rowley Avenue. Jones was present at the Justice Center that day because she was the victim of the December 4, 2011 burglary at her home.

{¶5} Armed with Jones' name, address and physical description, Detective Baeppler and investigators decided to conduct a trash pull from the tree lawn at 1116 Rowley. On March 22, 2012, the detectives collected the trash and recovered the following: mail addressed to Jones at 1116 Rowley, empty chemical bottles, plastic tubing, used coffee filters and a plastic bottle containing methamphetamine oil. Field tests conducted on the items yielded positive results for methamphetamine. Immediately after conducting the trash pull, Detective Baeppler drafted a search warrant which was signed by a judge.

{¶6} On March 23, 2012, the officers executed the search warrant and recovered several dishes with methamphetamine residue, white pills, coffee filters with methamphetamine residue, a scale with methamphetamine residue and methamphetamine. The Cuyahoga County Grand Jury indicted Jones with illegal manufacture of drugs, assembly or possession of chemicals used to manufacture a controlled substance, two counts of trafficking, three counts of drug possession and possessing criminal tools. Jones filed a motion to suppress the evidence in which she challenged the validity of the search warrant. The trial court conducted a hearing on the motion and, on February 11, 2013, the court granted the suppression concluding that the

search warrant was not supported by probable cause.

{¶7} The state appeals, raising the following assignment of error:

The trial court committed reversible error in granting defendant's motion to suppress.

{¶8} In *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254 (8th Dist.), this court outlined the standard of review on a motion to suppress.

Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. *See State v. Winand*, 116 Ohio App.3d 286, 688 N.E.2d 9 (7th Dist. 1996), citing *City of Tallmadge v. McCoy*, 96 Ohio App.3d 604, 645 N.E.2d 802 (9th Dist. 1994). * * * This is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Hopfer*, 112 Ohio App.3d 521, 679 N.E.2d 321 (2d Dist.1996).

{¶9} Once we accept those facts as true, however, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. *See also State v. Lloyd*, 126 Ohio App.3d 95, 709 N.E.2d 913 (7th Dist.1998); *State v. Cruz*, 8th Dist. Cuyahoga No. 98264, 2013-Ohio-1889.

{¶10} The Fourth Amendment to the United States Constitution, applied to the states via the Fourteenth Amendment, reads in part:

[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

{¶11} In applying this amendment to the issues of the case, we are guided by

*Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), in determining whether the search warrant is valid. As such, we have held that:

> Although the United States Constitution requires search warrants to issue only upon probable cause, *Gates* requires a reviewing court to defer to an issuing judge's discretion when deciding whether a warrant was validly issued. Thus, even though the existence of probable cause is a legal question to be determined on the historical facts presented, we will uphold the warrant if the issuing judge had a substantial basis for believing that probable cause existed.

*State v. Reniff*, 146 Ohio App.3d 749, 2001-Ohio-4353, 768 N.E.2d 667 (8th Dist.).

{¶12} A reviewing court affords great deference to a judge's determination of the existence of probable cause to support the issuance of a search warrant. *State v. Garner*, 74 Ohio St.3d 49, 1995-Ohio-168, 656 N.E.2d 623. Such a determination should not be set aside unless it was arbitrarily exercised. *See United States v. Spikes*, 158 F.3d 913 (4th Cir.1999), *certiorari denied*.

{¶13} In this case, the trial court ruled that the single trash pull that immediately preceded the issuance of the search warrant was insufficient to establish probable cause. The court noted the following:

> There was no evidence that [Jennifer] Chappell was ever seen at the 1116 Rowley address, that any controlled buys were made, that any sustained surveillance resulted in any unusual activity associated with a drug house, that the house was in a high drug crime area or that numerous people were entering and leaving the house for short periods.

{¶14} Further, the court stated that

> [A]dditional investigation including, multiple trash pulls over a period of time; surveillance, the details of which are set forth in an affidavit that

gives facts of usage, trafficking and other circumstances giving rise of drug activity, controlled buys, observation of CRI from inside the house etc., was necessary for probable cause to be established — one trash pull is not necessarily sufficient. The detective should have taken additional steps, instead of cutting off the investigation prematurely.

**{¶15}** We see no reason to conclude otherwise. In *State v. Weimer*, 8th Dist. Cuyahoga No. 92094, 2009-Ohio-4983, this court analyzed a single trash pull of a Euclid residence that revealed evidence of recent drug activity. The court, while acknowledging the legality of the trash pull, noted that the discovery of the discarded contraband must be viewed in isolation. Specifically, the court stated that when viewed in isolation, "it [did] not necessarily render the continued presence of suspected cocaine in her home probable, and [did] not, of itself, give rise to probable cause to issue a search warrant." *See also United States v. Elliot*, 576 F.Supp. 1579 (S.D. Ohio 1984).

**{¶16}** This court, in reaching its decision, acknowledged the line of cases upholding warrants based upon evidence garnered from single trash pulls. *Weimer*. This court noted that in those cases, the facts underlying probable cause were much stronger and included extensive and continuous surveillance by police and heavy foot traffic to and from the known target residence of the suspected drug dealer that is indicative of drug transactions. *Id.*; *see also State v. Williams*, 8th Dist. Cuyahoga No. 98100, 2013-Ohio-368.

**{¶17}** In the present case, the only evidence that Jones was involved in illegal drug activity were reports of a woman named Lauren "cooking meth on Rowley," that Jones matched the vague description of an overweight African American female and the

evidence seized from a single trash pull. The contraband recovered from the trash, while indicative of recent criminal activity, does not necessarily render the continued presence of methamphetamine in her home probable. *See Weimer, Williams*. We agree with the trial court's conclusion that this, without more, is insufficient to support the issuance of a warrant.

{¶18} In the present case, the trial court granted Jones' motion to suppress because it concluded the single trash pull failed to provide sufficient probable cause to support the issuance of a search warrant. Based on the facts and case law outlined above, we hold that the trial court's conclusion was supported by competent, credible evidence and that the trial court correctly applied the legal standard. Thus, we overrule the state's sole assignment of error and affirm the decision of the trial court.

{¶19} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR