THE STATE OF OHIO, APPELLANT, *v.* JONES, APPELLEE.

[Cite as *State v. Jones,* 143 Ohio St.3d 266, 2015-Ohio-483.]

(No. 2013–2023—Submitted September 9, 2014—Decided February 12, 2015.)

———

LANZINGER, J.

{¶ 1} "Totality of the circumstances" is the proper standard of review to determine whether probable cause exists to issue a search warrant if the supporting affidavit relies in part on evidence seized from a "trash pull." Using

the totality-of-the-circumstances test in this case, we hold that the evidence seized from a single trash pull that corroborates tips and background information involving drug activity is sufficient to establish probable cause for a warrant. Accordingly, the evidence should not have been suppressed in this case, and we reverse the judgment of the court of appeals and remand the matter to the trial court for further proceedings.

## I.  Case Background

{¶ 2} A Cleveland narcotics detective sought a warrant to search a house located at 1116 Rowley Avenue based on the following facts within the supporting affidavit.

{¶ 3} As part of an ongoing investigation in drug trafficking in Cleveland, police arrested James Taylor in October 2011 at 1116 Rowley Avenue for manufacturing methamphetamine.  On December 4, 2011, Cleveland police received a report from appellee, Lauren Jones, of a burglary at that same location and of a known male who she claimed was refusing to leave the premises. Officers responding to the scene arrested Ilya Shpilman, a person known to the police to be involved with the manufacture of methamphetamine.

{¶ 4} While investigating drug activity as a member of Cleveland Police Department's Narcotics Unit, the affiant learned from a confidential informant that an African–American female named Lauren, described as "overweight," was engaged in the manufacture and sale of methamphetamine in the Cleveland area. Six other persons arrested for manufacturing meth had separately identified another woman, named Jennifer "Jen Jen" Chappell, as a known meth "cook." Two of those arrested reported that Chappell had moved her methamphetamine-manufacturing operation to Rowley Avenue.

{¶ 5} While at the Cleveland Justice Center for an unrelated court appearance in March 2012, the affiant and another Cleveland detective saw Jennifer Chappell in the lobby.  Chappell was sitting next to an overweight African–American woman.  After observing a county prosecutor speaking with the woman, the detectives asked the prosecutor who she was.  They learned that her name was Lauren B. Jones and that she was a resident of 1116 Rowley Avenue.  A computer check confirmed that information and revealed Jones's December 2011 burglary report and the arrest of Shpilman at that address.

{¶ 6} Within a few days after obtaining this information, the detectives went to 1116 Rowley Avenue, pulled the trash bin sitting at the curb, and brought it back to the Narcotics Unit for investigation.  In the garbage, the detectives found mail addressed to Jones at 1116 Rowley Avenue.  They also discovered empty bottles of chemicals known to be used in the production of methamphetamine and materials for processing the chemicals.  The affiant observed what he believed to

be methamphetamine residue on some plastic tubing. Field tests revealed that the residue was in fact methamphetamine.

{¶ 7} Based on these facts, the officers obtained a search warrant for the residence at 1116 Rowley Avenue within 24 hours after the trash pull. Upon executing the warrant, they found evidence of an active methamphetamine lab, as well as evidence linking Jones to the production of the drug. Jones was indicted on eight felony counts related to the manufacturing, possession, and trafficking of drugs.

{¶ 8} Before trial, Jones moved to suppress the evidence discovered through execution of the search warrant, arguing that it was issued without probable cause. The trial court granted the motion to suppress, reviewing the trash pull in isolation pursuant to *State v. Weimer*, 8th Dist. Cuyahoga No. 92094, 2009-Ohio-4983, 2009 WL 3043979. The court concluded that "one trash pull is not necessarily sufficient" to establish probable cause and that further investigation was needed to provide probable cause for the search warrant. No evidence connected Chappell to 1116 Rowley, the court noted, and there had been no controlled drug buys, no sustained surveillance, and no unusual activity observed at that address. Finally, there was no averment that Jones had ever been observed engaging in any criminal activity.

{¶ 9} On appeal, the Eighth District affirmed the trial court's judgment. 8th Dist. Cuyahoga No. 99538, 2013-Ohio-4915, 2013 WL 5970342, ¶ 19. Although stating that it relied on *Weimer* for the proposition that the trash-pull evidence must be viewed in isolation, the court of appeals then appeared to ignore that point by considering the informant's report of a woman named Lauren "cooking meth on Rowley" and the physical description of the alleged offender. *Id.* at ¶ 17. Even though the contraband found in the trash indicated recent criminal activity, the court of appeals was unwilling to state that the contraband rendered probable the continued presence of methamphetamine in the home.

{¶ 10} The state appealed to this court, and we accepted its proposition of law: "A single trash pull conducted just prior to the issuance of the warrant corroborating tips and background information involving drug activity will be sufficient to establish probable cause." 138 Ohio St.3d 1448, 2014-Ohio-1182, 5 N.E.3d 666.

## II. Legal Analysis

{¶ 11} The Fourth Amendment provides that search warrants may be issued only upon probable cause:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported

by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

{¶ 12} We have held that Article I, Section 14 of the Ohio Constitution affords the same protection as the Fourth Amendment in felony cases. *State v. Smith,* 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶ 10, fn. 1.

{¶ 13} The Supreme Court of the United States has provided that in determining whether a search warrant was issued upon a proper showing of probable cause, reviewing courts must examine the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *Id.* at 238–239, quoting *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), *overruled on other grounds, United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). The *Gates* court stated that the issuing magistrate's duty is to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238.

{¶ 14} We have further stated:

In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.

*State v. George,* 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus.

{¶ 15} Both the trial court and the appellate court had a duty to examine the totality of the circumstances in determining whether probable cause existed for issuing the search warrant for 1116 Rowley Avenue. Both the trial court and the Eighth District incorrectly asserted that the trash pull must be viewed in isolation, citing *Weimer.* This characterization of *Weimer,* i.e., that it requires that the contents of a single trash pull must be viewed in isolation, is an undue broadening of the actual holding in that case. The trash seized in *Weimer* was viewed in isolation because the other evidence cited in the affidavit seeking a warrant was fatally flawed. *Weimer,* 2009-Ohio-4983, 2009 WL 3043979, ¶ 35 ("When the offending portions * * * of the affidavit are excised, * * * the remaining portions of the affidavit [describing the contents of the trash] do not

provide the requisite probable cause \* \* \* ”).  If the Eighth District in this case was saying that contents of a trash pull must per se be viewed in isolation when determining probable cause, that is clearly mistaken.  Instead, the trash pull in this case should have been considered as a part of the totality of the circumstances, along with all of the other information presented in the affidavit accompanying the request for the search warrant.

{¶ 16} Here, the affidavit demonstrated a “fair probability” that contraband or evidence of a crime would be found at 1116 Rowley Avenue.  The affidavit noted that Jones matched the description of a person named Lauren identified by a confidential informant as a producer and seller of methamphetamine in the Cleveland area.  The affidavit also associated Jones with Chappell, who herself was linked to the production of methamphetamine by six persons arrested for meth-related crimes, two of whom stated that Chappell’s operation was based on Rowley Avenue.  Jones lived at 1116 Rowley Avenue.  Shpilman’s arrest at 1116 Rowley Avenue was cited in the affidavit, as well as the fact that he was a known buyer of pseudoephedrine, an ingredient of methamphetamine, and that items testing positive for methamphetamine were found on Shpilman’s person when he was arrested.  Finally, the affidavit set forth detailed information about the trash pull, which provided evidence of methamphetamine production, items containing residue of the drug, and mail addressed to Jones at 1116 Rowley Avenue.

{¶ 17} Thus, while the Eighth District affirmed the trial court’s decision to grant the motion to suppress based upon its determination that the contraband recovered from the trash did not necessarily render the continued existence of methamphetamine at 1116 Rowley Avenue probable, an examination of the totality of the circumstances indicates otherwise.

{¶ 18} When the facts set forth in the affidavit are considered as a whole, there was a fair probability that contraband or evidence of methamphetamine production would be found at 1116 Rowley Avenue.  Cleveland police received information linking the address to methamphetamine production and distribution from multiple sources, and that information was corroborated by the trash pull.  In light of *George*’s instructions that reviewing courts must accord great deference to a determination of probable cause and that doubtful or marginal cases should be resolved in favor of upholding that warrant, the search warrant was valid and Jones’s motion to suppress the evidence found during the search should have been denied.

### III.  Conclusion

{¶ 19} We accept the state’s proposition of law but we decline to adopt it as a bright-line rule.  We also decline to adopt a rule requiring that trash pulls must be viewed in isolation when determining whether probable cause has been established to issue a warrant.  In reviewing a decision on a motion to suppress

when deciding whether a corroborating trash pull is sufficient to establish probable cause, we apply the totality-of-the-circumstances test. Based on the totality of the circumstances in this case, we conclude that the motion to suppress should have been denied, and we accordingly reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, for appellant.

Reuben J. Sheperd, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging affirmance for amicus curiae Office of the Cuyahoga County Public Defender.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Michael J. Hendershot, Chief Deputy Solicitor, urging reversal for amicus curiae Ohio Attorney General Michael DeWine.