[Cite as *State v. Wade*, 2019-Ohio-2469.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28165 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-3273 |
| | : | |
| DANNY WADE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of June, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Danny Wade appeals his conviction and sentence for one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the first degree, and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree. Wade filed a timely notice of appeal with this Court on October 11, 2018.

{¶ 2} Wade's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no prejudicial error occurred below and that any grounds for appeal would be frivolous and seeking leave to withdraw as counsel. On March 6, 2019, we notified Wade of the filing of an *Anders* brief and provided him with 60 days to file a pro se brief. Wade has not filed a pro se brief with this Court.

## Facts and Procedural History

{¶ 3} On February 17, 2017, Detective Raymond St. Clair interviewed an individual with a pending cocaine possession charge (hereinafter referred to as "the informant"). During the interview, the informant provided the following information with respect to the drug supplier, identified as defendant-appellant Wade: 1) street name; 2) description of person; 3) description of car; 4) employer; 5) telephone number; and 6) street and home description. On the same day, Detective St. Clair traveled to the address provided by the informant. Upon his arrival, Detective St. Clair was able to confirm all of the information provided by the informant. Additionally, Detective St. Clair confirmed that Wade owned the residence at the address provided by the informant, that Wade was the registered user of the phone number provided by the informant, and that Wade had a prior conviction for possession of crack cocaine dating back to 2010.

{¶ 4} On February 20, 2017, Detective St. Clair conducted further surveillance on Wade's residence which revealed behavior consistent with drug distribution activity. Detective St. Clair was also able to confirm Wade's employment at a Popeye's Chicken restaurant located on Salem Avenue in Dayton, Ohio.   On February 22, 2017, Detective St. Clair was conducting surveillance of Wade's residence when he observed an individual enter the home who had been convicted in 2010 for trafficking in crack cocaine. On February 23, 2017, Detectives St. Clair and Mollie Hamby met with a confidential informant (C.I.) regarding a potential drug buy from Wade.   The C.I. later met with Wade, who offered to sell the C.I. cocaine for a specific amount of money.

{¶ 5} On March 14, 2017, Detective St. Clair collected trash from outside Wade's residence which had been placed at the curb.   During his search of the trash, Detective St. Clair found a plastic baggie containing white residue that field-tested positive for cocaine.   Based upon his investigation, Detective St. Clair drafted an affidavit for a search warrant and a search warrant for Wade's residence, which he presented to a judge from the Montgomery County Court of Common Pleas.   The judge issued the search warrant on March 17, 2017.

{¶ 6} On March 20, 2017, the search warrant was executed on Wade's residence; officers found large amounts of cash, firearms and ammunition, cocaine, marijuana, various prescription pills, and a digital scale.

{¶ 7} On November 21, 2017, Wade was indicted for one count of possession of cocaine (at least 27 grams but less than 100 grams), one count of possession of heroin (at least one gram but less than five grams), three counts of aggravated possession of drugs (Schedule I or II), two counts of possession of drugs (Schedule III, IV, or V), and

one count of having weapon while under disability (prior drug offense). At his arraignment on December 1, 2017, Wade stood mute, and the trial court entered a plea of not guilty on his behalf.

{¶ 8} On December 20, 2017, Wade filed a motion to suppress in which he argued that the search warrant should not have been issued because it was overbroad and based upon stale information. Wade also argued that Detective St. Clair's affidavit in support the search warrant did not contain enough information to support a finding of probable cause to search Wade's residence. On January 16, 2018, Wade filed a motion to compel discovery in which he requested that the State disclose the name and address of the C.I. referred to in Detective St. Clair's affidavit in support of the search warrant. On April 11, 2018, the trial court overruled Wade's motion to suppress and his motion to compel discovery.

{¶ 9} On August 15, 2018, Wade pled no contest to one count of possession of cocaine (27 grams but less than 100 grams), in violation of R.C. 2925.11(A), a felony of the first degree; and one count of having weapons while under disability (prior drug conviction), in violation of R.C. 2923.13(A)(3), a felony of the third degree. The State dismissed the remaining counts. On September 13, 2018, Wade was sentenced to an aggregate term of 36 months in prison, but due to health concerns, the trial court stayed Wade's sentence pending the outcome of the instant appeal.

{¶ 10} Appellate counsel included two potential assignments of error in the *Anders* brief filed in this court, but concluded that they lack merit.

### *Anders* Standard

{¶ 11} *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, outlines the

procedure appellate counsel must follow when he or she finds a lack of any meritorious grounds for appeal. In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the case, appointed counsel determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Id.* at 744. An *Anders* brief must identity anything in the record that could arguably support the appeal. *Id.* Further, counsel must also furnish the client with a copy of the brief and allow the client sufficient time to file his or her own brief, pro se. *Id.*

**{¶ 12}** Once appellate counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.* If we determine that the appeal is wholly frivolous, we may allow counsel to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Id.* In the instant case, appointed counsel fully complied with the requirements of *Anders*.

**{¶ 13}** Appointed counsel's first potentially meritorious assignment of error is as follows:

THE TRIAL COURT DID NOT ERR IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS BECAUSE THE ISSUANCE OF THE SEARCH WARRANT WAS DEMONSTRATED TO BE SUPPORTED BY PROBABLE CAUSE.[1]

**{¶ 14}** In ruling on a motion to suppress, the trial court "assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate

---

[1] We note that both of appellant's potential assignments of error are set forth incorrectly. Rather than state "the trial court *did not err*," the assignments should begin by stating "the trial court *erred*."

the credibility of the witnesses." *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994); *State v. Knisley*, 2d Dist. Montgomery No. 22897, 2010-Ohio-116, ¶ 30. Accordingly, when we review suppression decisions, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Retherford* at 592. "Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *Id.*

{¶ 15} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution provide that search warrants may only be issued upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and/or things to be seized. *See also State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 11.

{¶ 16} We begin our analysis with the governing legal standards. Under Crim.R. 41, a request for a search warrant requires a sworn affidavit "establishing the grounds for issuing the warrant." Crim.R. 41(C)(1). The judge may issue a search warrant if the judge finds, based on the information in the affidavit, that "probable cause for the search exists." Crim.R. 41(C)(2). "The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." *Id.* "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons

supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶ 17} "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *Gates* at 238-239, quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 35.   Ordinarily, "a probable cause inquiry must be confined to the four corners of the affidavit." *State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100 (2d Dist.1996).   In reviewing whether a search warrant has been issued upon probable cause, courts must examine the totality of the circumstances. *Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, at ¶ 15.

{¶ 18} Trial courts and appellate courts "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant."   *Id.* at ¶ 14, citing *George* at paragraph two of the syllabus.

{¶ 19} Upon review, we agree with the trial court's finding that the search warrant was supported by probable cause and that the information therein was not stale. Specifically, the informant provided the following information to Detective St. Clair with respect to her drug supplier, identified as defendant-appellant Wade: 1) street name; 2) description of person; 3) description of car: 4) employer; 5) telephone number; and 6) street and home description.   On the same day, Detective St. Clair traveled to the

address provided by the informant and was able to confirm all of the information provided by the informant. Additionally, Detective St. Clair confirmed that Wade owned the residence at the address provided by the informant and that Wade was the registered user of the phone number provided by the informant.

**{¶ 20}** Detective St. Clair also confirmed that Wade had a prior conviction for possession of crack cocaine in 2010. Detective St. Clair conducted further surveillance on Wade's residence which revealed behavior consistent with drug distribution activity. Detective St. Clair was also able to confirm Wade's employment at a Popeye's Chicken restaurant. On February 22, 2017, Detective St. Clair was conducting surveillance of Wade's residence when he observed an individual enter the home who had been convicted in 2010 for trafficking in crack cocaine. On February 23, 2017, Detectives St. Clair and Mollie Hamby met with a confidential informant (C.I.) (whose reliability was alluded to) regarding a potential drug buy from Wade. The C.I. later met with Wade who offered to sell the C.I. cocaine for a specific amount of money. Finally, on March 14, 2017, Detective St. Clair collected trash from outside Wade's residence and, upon searching it, found a plastic baggie containing white residue that tested positive for cocaine. Based upon these facts, which were all included in his affidavit, Detective St. Clair sought the issuance of a search warrant for Wade's residence. In our view, defense counsel correctly concluded that an argument that the search warrant lacked probable cause was without merit, due to the existence of a multitude of facts linking Wade to criminal activity and establishing probable cause.

**{¶ 21}** Furthermore, the information contained in the warrant was not stale because it was based, in part, upon the fact that the search of Wade's garbage was

conducted only three days prior to the issuance of the search warrant. Additionally, the other corroborating information had been collected over the course of only one month. We also note that the description of the items to be seized was not overbroad, and all of the items seized fell within the scope of the warrant.

{¶ 22} Accordingly, we find that the affidavit underlying the search warrant issued on March 17, 2018, was sufficient to establish probable cause, and the trial court did not err when it denied Wade's motion to suppress with respect to the search warrant.

{¶ 23} The first potentially meritorious assignment of error is without merit.

{¶ 24} Appointed counsel's second potentially meritorious assignment of error is as follows:

THE TRIAL COURT DID NOT ERR IN KEEPING THE IDENTITY OF THE CONFIDENTIAL INFORMANT (C.I.) CONFIDENTIAL BECAUSE THE OFFICERS WOULD HAVE HAD PROBABLE CAUSE WITHOUT THE C.I.'S STATEMENTS/INFORMATION TO OBTAIN A WARRANT AND ARREST THE DEFENDANT.

{¶ 25} In *State v. Griffith*, 2015-Ohio-4112, 43 N.E.3d 821 (2d Dist.), we stated the following:

"The state has an obvious interest in preserving the confidentiality of informants to whom it has promised confidentiality. Every time this promise cannot be honored, it becomes more difficult to secure the cooperation of informants in the future upon a promise of confidentiality. Nevertheless, the identity of an informant must be revealed to the criminal defendant when the testimony of the informant is vital to establishing an

element of the crime or would be helpful or beneficial to the accused in preparing and making a defense to criminal charges." *State v. Deleon*, 131 Ohio App.3d 632, 635-636, 723 N.E.2d 188 (2d Dist.1999), citing *State v. Williams*, 4 Ohio St.3d 74, 446 N.E.2d 779 (1983), syllabus. The defendant has the burden to demonstrate the need for the identity. *State v. Daniels*, 1st Dist. Hamilton No. C-990549, 2000 WL 282437, *1 (March 17, 2000). "The trial court must then balance, on a case-by-case basis, the defendant's right to present witnesses with the state's right to protect the identity of its confidential informant." *Id.* "Mere speculation or the possibility that the informant might be of some assistance is not enough to show that the testimony of the informant would be helpful in preparing a defense." *Id.*

{¶ 26} In the instant case, the C.I. was initially used to approach Wade and discuss the possibility of purchasing cocaine. Prior to using the C.I. on February 23, 2017, Detective St. Clair had been investigating and collecting independent information regarding Wade's suspected illegal activity since February 17, 2017, when he initially spoke to the informant with a pending charge of possession of cocaine. While the conversation between the C.I. and Wade added "some weight" to the probable cause determination, it was not indispensable to the inquiry. Significantly, the probable cause to search Wade's residence derived, in part, from Detective St. Clair's independent investigation and the discovery of the baggie with cocaine residue in Wade's garbage. This discovery provided an "objective linkage between defendant, his residence, and the presence of cocaine." Trial Court's Dec. p. 4. Had Wade been charged with trafficking, ostensibly his argument would have more merit. However, even if the C.I. had bought

drugs in the residence, that fact would be immaterial to the issue of whether Wade possessed the drugs found in the house at the time of the search.

**{¶ 27}** We conclude that, under the facts in this case, the testimony of the C.I. was not essential to establishing a defense at trial, nor to establishing an element of the offense charged. *See State v. Taylor*, 82 Ohio App.3d 434, 447, 612 N.E.2d 728 (2d Dist.) (defendant failed to establish that he had a "particularized need" for disclosure of the identity of the C.I.). Thus, we find that the trial court did not abuse its discretion in denying the motion to compel. Wade's second potentially meritorious assignment of error is without merit.

**{¶ 28}** Having performed our duty pursuant to *Anders*, and for the forgoing reasons, we conclude that Wade's appeal is wholly frivolous. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kristin L. Arnold
Danny Wade
Hon. Mary Lynn Wiseman