[Cite as *State v. Franklin*, 2020-Ohio-1263.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. CT2019-0042 |
| SEAN A. FRANKLIN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                            Pleas, Case No.  CR2018-0670

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     March 30, 2020

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

D. MICHAEL HADDOX               AARON JONES
PROSECUTING ATTORNEY            503 South Front Street
TAYLOR P. BENNINGTON            Suite 205
ASSISTANT PROSECUTOR            Columbus, Ohio  43215
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43701

*Wise, John, P. J.*

{¶1}   Defendant-Appellant Sean A. Franklin appeals his conviction and sentence entered by the Muskingum County Court of Common Pleas on two counts of possession of drugs, two counts of trafficking in drugs, and one count of possession of drug paraphernalia following a jury trial.

{¶2}   Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   The relevant facts and procedural history are as follows:

{¶4}   On March 13, 2017, detectives with the Muskingum County Sheriff's Office were notified by a confidential source that Appellant Sean Franklin was selling cocaine, methamphetamine and marijuana from his residence. The source then provided a description of the residence, identifying it as being on Dryden Road, between Luck Avenue and Brighton Boulevard, in Zanesville, Ohio.

{¶5}   Detectives located the residence and conducted trash pulls on April 12, 2017, and April 19, 2017.  During the trash pulls, the officers found green vegetation which appeared to be marijuana, several plastic sandwich bags with the corners ripped out, an empty package of CBD highly concentrated edibles.  The field tests performed on the baggies were positive for cocaine residue.

{¶6}   Officers then submitted an affidavit and obtained a search warrant for the house. During the search, officers located 28.54g of cocaine and money in Appellant's dresser. Marijuana, digital scales, and plastic baggies were also found during the search.

{¶7}   On October 24, 2018, Appellant was indicted on one count of Possession of Drugs (Cocaine), with a forfeiture specification, in violation of R.C. §2925.11(A) and

R.C. §2941.1417 [F-1], one count of Trafficking in Drugs (Cocaine), with a forfeiture specification, in violation of R.C. §2925.03(A)(2) and R.C. §2941.1417 [F-1], one count of Trafficking in Drugs (Marijuana), with a forfeiture specification, in violation of R.C. §2925.03(A)(2) and R.C. §2941.1417 [F-5], one count Possession of Drugs (Marijuana), in violation of R.C. §2925.11(A) [M-4], and one count Possession of Drug Paraphernalia, in violation of R.C. §2925.14(C)(1) [M-4].

**{¶8}** On January 2, 2019, Appellant filed a plea of not guilty.

**{¶9}** On March 4, 2019, Appellant filed a Motion to Suppress.

**{¶10}** On March 5, 2019, Appellant filed a Motion to Compel the State to Reveal the Confidential Informant.

**{¶11}** On March 7, 2019, a hearing was held on Appellant's Motion to Suppress.

**{¶12}** On March 11, 2019, the trial court denied the Motion to Suppress.

**{¶13}** On March 13, 2019, the trial court denied the Motion to Compel.

**{¶14}** On March 15, 2019, Appellant filed a Motion in *Limine* requesting that any testimony regarding the confidential source be excluded.

**{¶15}** On March 18, 2019, Appellant filed a Motion to Compel a Bill of Particulars.

**{¶16}** On March 19, 2019, a jury trial began. Prior to the commencement of the trial, the trial court granted Appellant's Motion in *Limine*, holding that information regarding the confidential source could not be presented. The trial court denied the Motion to Compel, finding that a Bill of Particulars was not required.

**{¶17}** During the trial, the court allowed the State to question Detective Wilhite about the confidential source, finding that counsel or Appellant had opened the door on cross-examination.

{¶18} On March 20, 2019, the jury found Appellant guilty of all charges as contained in the indictment.

{¶19} On April 24, 2019, Appellant was sentenced to an aggregate sentence of ten (10) years in prison.

{¶20} Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

{¶21} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS WHEN THE COURT IMPROPERLY CONSIDERED TESTIMONY THAT WAS NOT OFFERED TO THE ISSUING MAGISTRATE OR INCLUDED IN THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT.

{¶22} "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS WHEN THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT WAS FACIALLY DEFICIENT, OVERBROAD, LACKED PROBABLE CAUSE, WAS BASED ON UNDISCLOSED INFERENCES OF THE AFFIANT, FAILED TO AVER TO THE RELIABILITY OR BASIS OF KNOWLEDGE OF A CONFIDENTIAL SOURCE AND WAS INSUFFICIENTLY PARTICULAR IN VIOLATION OF THE FOURTH AMENDMENT.

{¶23} "III. THE TRIAL COURT ERRED WHEN IT PERMITTED HEARSAY TESTIMONY REGARDING A CONFIDENTIAL SOURCE WHO DID NOT TESTIFY AND WAS NOT REVEALED PRIOR TO TRIAL IN VIOLATION OF APPELLANT'S RIGHT TO CONFRONT HIS ACCUSERS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS.

**{¶24}** "IV. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS."

**I., II.**

**{¶25}** In his first and second assignments of error, Appellant argues that the trial court erred in denying his motion to suppress.

**{¶26}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See Ornelas v. United States* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

**{¶27}** Here, Appellant claims the trial court erred in finding the affidavit in support of the search warrant contained sufficient probable cause and further improperly considered testimony of witnesses during the suppression hearing.

**{¶28}** The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution provide that search warrants may only be issued upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and/or things to be seized. *See also State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 11.

**{¶29}** Appellant herein claims that the search warrant affidavit did not provide sufficient probable cause that contraband would be found at Appellant's home. Appellant argues that the search warrant was based on an undisclosed affidavit, failed to show the reliability of the confidential source and was not sufficiently particular as to the items to be seized.

*Probable Cause*

**{¶30}**  In authorizing a search warrant, the issuing magistrate's duty is to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place * * *." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Jones* at ¶ 13. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *Gates* at 238-239, quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 35. Ordinarily, "a probable cause inquiry must be confined to the four corners of the affidavit." *State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100 (2d Dist.1996). In reviewing whether a search warrant has been issued upon probable cause, courts must examine the totality of the circumstances. *Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, at ¶ 15.

**{¶31}** Trial courts and appellate courts "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus; *Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, at ¶ 14.

**{¶32}** Initially, Appellant argues that the affidavit was improperly based on an undisclosed inference of the affiant. More specifically, Appellant claims that Detective Wilhite presented his own inference that 440 Dryden Road was Appellant's address.

**{¶33}** Upon review, we find said argument to be not well-taken. The confidential source in this case told the detectives where Appellant lived and further provided great detail.

**{¶34}** Paragraph 2 of the Affidavit states:

On March 13, 2017, Det. Matt Wilhite spoke with a confidential source in reference to Sean Anthony Franklin. The source advised that Franklin sells ounce quantities of cocaine and methamphetamine as well as marijuana. The source advised that Franklin is supplied by a large scale trafficker that receives ½ kilo quantities of cocaine and methamphetamine. The source advised that Franklin lives on Dryden Road between Luck Avenue and Brighton Boulevard. The source described the residence as being tan in color and having several surveillance cameras on the front of the residence.

**{¶35}** With regard to the detective's confidence in and reliability of the confidential source, the affidavit at page 3 stated:

And the affiant has reasonable cause to believe that the source of the information is credible and reliable in that: Information obtained from a confidential source, information obtained by law enforcement through independent investigation, and information passed from one law enforcement officer to another corroborate one another.

**{¶36}** Testimony was also provided by the Detective that he ran Appellant's Ohio Driver's License and it came back with 440 Dryden Road as Appellant's address. (T. at 34).

**{¶37}** Further, paragraph 5 of the Probable Cause Affidavit states:

Sean Anthony Franklin's Ohio Driver's License was checked in the Ohio Law Enforcement Gateway and found that Franklin has listed the address of 440 Dryden Road, Zanesville, Ohio as his address.

**{¶38}** However, Appellant, in his Reply Brief, raised for the first time the issue that the copy of the Probable Cause Affidavit provided to Appellant by fax by the State of Ohio omitted the second page which contained paragraphs 4 and 5. Appellant argues that because the trial court did not have this page before it when considering the Affidavit, the Court should likewise not consider the information contained in those two paragraphs, namely the second trash pull and the fact that Appellant's driver's license listed 440 Dryden as his address.

**{¶39}** Under App.R. 16(C), an appellant may file a brief "in reply to the brief of the appellee." "A reply brief affords an appellant an opportunity to respond to an appellee's brief, * * * and it is improper to use it to raise a new issue." *State v. Mitchell,* 10th Dist. No. 10AP–756, 2011–Ohio–3818, ¶ 47. *See also State ex. rel. Bryant v. Indus. Comm.,* 10th

Dist. No. 07AP–731, 2008–Ohio–3292, ¶ 5 ("The purpose of a reply brief is to afford the appellant, or in this case, relator, with an opportunity to 'reply' to the arguments in appellee's/respondent's brief, not to raise a new argument for the first time."). For this reason, generally, we will not address an argument raised for the first time in a reply brief. *State v. Townsend,* 10th Dist. No. 10AP–983, 2011–Ohio–5056, ¶ 15.

**{¶40}** However, because ordinarily, "a probable cause inquiry must be confined to the four corners of the affidavit" we will consider the trial court's probable cause determination without consideration of the missing page. *State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100 (2d Dist.1996).

**{¶41}** In reviewing whether a search warrant has been issued upon probable cause, courts must examine the totality of the circumstances. *Jones,* 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, at ¶ 15.

**{¶42}** Trial courts and appellate courts "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus; *Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, at ¶ 14.

**{¶43}** Upon review, as stated above, probable cause for the search warrant was based on evidence of drug trafficking provided by a confidential source and found during a trash pull.  We find that this evidence alone, even without consideration of the second trash pull or evidence that Appellant's driver's license listed 440 Dryden as his address, was sufficient to support a finding of probable cause.

***Overbreadth***

**{¶44}** Appellant further claims that the search warrant was overbroad and lacking in particularity.

**{¶45}** "Courts addressing the particularity requirement of the Fourth Amendment are concerned with two issues. The first issue is whether the warrant provides sufficient information to 'guide and control' the judgment of the executing officers in what to seize. The second issue is whether the category as specified is too broad in that it includes items that should not be seized." (Citations omitted.) *Castagnola,* 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, at ¶ 79; *see also State v. Terrell*, 2017-Ohio-7097, 95 N.E.3d 870, ¶ 66 (2d Dist.).

**{¶46}** Here, the warrant authorized a search for the following items:

cocaine, marijuana, and any other illegal/illicit narcotics, drug scales, drug paraphernalia, drug abuse instruments, firearms, U.S. currency, computers, computer discs/programs, cell phones, any/all documents pertaining to trafficking in drugs, or the manufacture of drugs, telephone records, tax records, bank account numbers, banking records, safety deposit box keys, storage unit keys, safes or strong boxes, or any other financial records, cameras or video equipment being used as security/ counter-surveillance.

**{¶47}** Criminal Rule 41(B) provides:

**Property Which May Be Seized With a Search Warrant.** A search warrant may be issued under this rule to search for and seize any: (1) evidence of the commission of a criminal offense; or (2) contraband, the

fruits of crime, or things otherwise criminally possessed; or (3) weapons or other things by means of which a crime has been committed or reasonably appears about to be committed.

**{¶48}** Upon review we find that the affidavit sets forth evidence of drug trafficking which would support a warrant for the above listed items as items likely to be found in the possession of someone possessing and/or trafficking in drugs. We therefore find said Affidavit was not overbroad.

**{¶49}** Finally, Appellant argues that the trial court considered testimony from Detective Wilhite at the suppression hearing which was not contained in the affidavit. Appellant argues the affidavit only references one trash pull, but Det. Wilhite testified regarding two separate trash pulls. Upon review, we find that the affidavit specifically sets forth, in detail, that two separate trash pulls were conducted: one on April 12th and one April 19th. (*See* Affidavit at paragraphs 3 and 4). However, if we disregard the second trash pull based on the omission of the second page of the Affidavit, we find any error with regard to such testimony to be harmless as evidence of the second trash pull was still before the trial court with regard to a separate search warrant issued on April 25, 2017.

**{¶50}** Appellant further claims that it was error for Det. Wilhite to provide the trial court with photographs of the items discovered during the trash pull because same were not provided to the magistrate who issued the search warrant. Upon review, we find no error as the items depicted in the photographs were described in detail in the affidavit.

**{¶51}** The admission or exclusion of relevant evidence rests in the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987).

Generally, all relevant evidence is admissible. Evid.R. 402. Abuse of discretion means more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *Sage*, 31 Ohio St.3d 173.

**{¶52}** Appellant also argues Det. Wilhite should not have been allowed to testify as to why bank records, firearms, computers, and cell phones were included in the affidavit because in said affidavit Det. Wilhite only stated "Your affiant has participated in hundreds of investigations where cell phones, computers and various personal and financial documents have been used as a means to facilitate a crime. (Affidavit at paragraph 1).

**{¶53}** Det. Wilhite's testimony was as follows:

Q:      What about firearms, do individuals that are in trafficking with drugs often have firearms?

A:      Yes.

Q.      U.S. currency?

A:      Yes

Q:      What about computers, cell phones, have you ever seen those used for purposes of engaging in trafficking ill drugs?

A:      Yes, on several occasions.

Q:      What about bank records, why would you want bank records?

A:     Bank records are used to prove or disprove employment, money,

monetary money coming in, and valid sources of income.

(Suppression hearing at 26-27).

**{¶54}** Upon review, we find that Det. Wilhite did not add any additional elaboration

to his statements as contained in his affidavit.

**{¶55}** As set forth above, we find no error in the trial court's decision finding that

the affidavit in support of the search warrant contained sufficient probable cause for the

issuance of same.

**{¶56}** Appellant's first and second assignments of error are overruled.

**III.**

**{¶57}** In his third assignment of error, Appellant argues the trial court erred in

allowing testimony regarding a confidential source who did not testify at trial. We disagree.

**{¶58}**   Upon review, we find that no mention of the confidential source was made

during the direct testimony of Detective Wilhite. The first mention of the confidential

source came during cross-examination of Detective Wilhite by Appellant's counsel. Said

exchange was as follows:

Q:     … Why do you believe that that residence was Sean

Franklin's [sic]?

A:     Because he had items in the residence that were his, and he

was in the residence when the search warrant was conducted.

Q:     Okay. But prior to that time did you have any reason to believe

Sean Franklin lived there?

A:     Yes.

Q:          Okay. How?

A:          I received anonymous complaints

Counsel:    Objection, Your Honor.

Court:      You're the one that asked the question.

A:          I received anonymous complaints and information from

sources.

**{¶59}** (T. at 223-224).

**{¶60}** As set forth above, Appellant opened the door to introduction of the testimony about the confidential source. A court will not find error "when the defense opens the door to otherwise inadmissible evidence." *State v. Davis*, 195 Ohio App.3d 123, 2011-Ohio-2387, 958 N.E.2d 1260, ¶ 26 (8th Dist.). We find that Appellant did so here. Once defense counsel questioned Det. Wilhite about how he learned that Appellant lived at that address, this opened the door for the answer. It is well-settled that "[a] party will not be permitted to take advantage of an error which he himself invited or induced. * * * " *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.* 28 Ohio St.3d 20, 502 N.E.2d 590, paragraph 1 of the syllabus. We find that the trial court did not abuse its discretion in admitting the testimony.

**{¶61}** Based on the foregoing analysis, we find that the trial court did not err when it allowed the above testimony in response to defense counsel's questions.

**{¶62}**  Accordingly, Appellant's third assignment of error is overruled.

**IV.**

**{¶63}**  In his fourth assignment of error, Appellant argues the trial court erred when it denied his request for a bill of particulars. We disagree.

**{¶64}** Specifically, Appellant argues that indictment in this matter only contained the names of the charged offenses and relevant code sections but failed to include dates and times or the specific manner Appellant engaged in drug trafficking.

**{¶65}** The purpose of a bill of particulars is to inform an accused of the nature of the offense and the conduct alleged to constitute the offense. Crim.R. 7(E). "A bill of particulars has a limited purpose - to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 .

**{¶66}** Here, it is undisputed that Appellant was informed at the time of receipt of discovery that the State does not provide Bills of Particulars in any criminal matter.

**{¶67}** At the beginning of the trial, the trial court addressed the issue as follows:

THE COURT: If he presents something that hasn't been provided in discovery, you have a right to object to the rule at that point in time.

MR. BEDTELYON: Sure.

THE COURT: If it's not contained within the four corners of your discovery, I won't allow it. So he's stuck to what you already have.

MR. BEDTELYON: I - I understand.

THE COURT: So there shouldn't be anything hidden. If there is, bring it up.

**{¶68}** (T. at 17).

**{¶69}** Further, it is undisputed that the Muskingum County Prosecutor's Office maintains "open-file discovery," pursuant to which the state provides discovery by allowing defense counsel to see all of its files regarding a case without requiring the

defense to make a written request for discovery. No bill of particulars is required when the state allows open-file discovery. *State v. Evans,* 2d Dist. Montgomery No. 20794, 2006–Ohio–1425, ¶ 24, citing *State v. Tebcherani,* 9th Dist. Summit No. 19535, 2000 WL 1729456 (Nov. 22, 2000). *State v. Coffey*, 6th Dist. Lucas No. L-12-1047, 2013-Ohio-3555, ¶ 35

**{¶70}** In this case, a bill of particulars would not have provided the defense with any additional information. Appellant was informed of Appellee's open-discovery policy and thus had access to items such as the police reports, medical reports, and witness statements in the case. The record clearly establishes that the defendant had notice of the nature of the pending charges. Therefore, the purpose of the bill of particulars was fulfilled.

**{¶71}** Appellant's fourth assignment of error is overruled.

**{¶72}** Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0220