OPINION
{¶ 1} Henry Cullins appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty of felonious assault and aggravated robbery following his no contest plea. The court had previously overruled Cullins' motion to suppress identification evidence. Cullins appeals from the trial court's judgment, focusing on the denial *Page 2 
of the motion to suppress.
 {¶ 2} On June 4, 2005, police responded to a report of a robbery and shooting at the VFW Post on West Third Street in Dayton. When the police arrived, the victims reported that the perpetrators of the crime had fled to a nearby field. When they searched the field, the officers found Cullins.
 {¶ 3} Police Officer Jerry Bell brought Cullins back from the field to the scene of the crime, and Cullins sat in a cruiser within about 15 feet of one of the victims, Jerome Wilson. Another officer was with Wilson. Based on non-verbal communication between the officers, Bell somehow came to believe that Wilson had identified Cullins as one of the perpetrators when, in fact, Wilson had not looked inside the cruiser. Bell then transported Cullins to the Safety Building for interrogation. Wilson was also taken to the Safety Building to be interviewed.
 {¶ 4} Cullins and Wilson were interviewed in adjoining rooms. At one point, as Officer Bell walked out of the room where he had been interviewing Cullins, Cullins yelled out a question to him. Wilson heard the question and told another officer that the voice he had heard was the voice of one of the perpetrators. However, Wilson was unable to identify Cullins in a photographic array. Another victim, Tyrone Moore, who had been transported to a hospital before Cullins was brought to the crime scene, did identify Cullins as one of the perpetrators from a photo array. The police recovered the car keys of one of the victims from Cullins.
 {¶ 5} On June 13, 2005, Cullins was indicted for felonious assault and aggravated robbery, with a firearm specification on each count. Cullins filed a motion to suppress the identification testimony, arguing that the circumstances were unduly suggestive. He also filed a *Page 3 
motion to dismiss the charges against him on the ground that the officers used false information to obtain an arrest warrant. The court overruled both motions.
 {¶ 6} Cullins subsequently pled no contest to the charges. He was found guilty and was sentenced to five years for felonious assault and nine years for aggravated robbery, to be served concurrently, along with three years of actual incarceration on a firearm specification.
 {¶ 7} Cullins raises two assignments of error on appeal.
 {¶ 8} I. "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE STATEMENT OF FACTS UNDERLYING THE ARREST WARRANT LACKED PROBABLE CAUSE."
 {¶ 9} Cullins contends that the affidavit that was offered in support of his arrest warrant contained false information that illustrated a reckless disregard for the truth. He contends that, if the false information had been excluded, the affidavit would have been insufficient to establish probable cause. Thus, he claims that all of the evidence gathered as a result of his arrest should have been suppressed. The state responds that this argument was not raised in the trial court and is therefore waived. The state also asserts that there was probable cause for the arrest notwithstanding the factual error in the affidavit.
 {¶ 10} The alleged false statement in the affidavit about which Cullins complains was apparently contained in paperwork that was completed in order to hold Cullins for an appearance in the Dayton Municipal Court. Thus, this statement was made after the victim's car keys had been recovered from Cullins and after Wilson had identified Cullins' voice as that of one of the perpetrators. False information in support of an arrest warrant might be grounds for suppression of evidence that is discovered as a result of the warrant, but it is not grounds for *Page 4 
suppressing evidence that had already been uncovered before the false statement was made. Thus, the alleged false statement in question did not justify the suppression of the voice identification evidence or the car keys. Moreover, the state correctly observes that Cullins did not raise this argument in his motion to suppress, and thus he has waived it for purposes of appeal.
 {¶ 11} The first assignment of error is overruled.
 {¶ 12} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE VOICE IDENTIFICATION PROCEDURE WAS IMPERMISSIBLY SUGGESTIVE."
 {¶ 13} Cullins claims that the voice identification by Wilson was impermissibly suggestive because Cullins and Wilson were deliberately placed in adjacent rooms for questioning in a building that was otherwise quiet. Cullins claimed that "Wilson identified the only voice he could hear that night." Cullins also claims that the voice identification was unreliable because Wilson was not able to identify Cullins in a photo array.
 {¶ 14} Cullins' argument implies that the police did something improper to create the circumstances surrounding the voice identification. The evidence, on the other hand, suggests that Cullins spontaneously yelled to an officer as the officer left the interview room, when there was no question before him and when the door to Wilson's room also happened to be open. The rooms themselves were soundproof. In our view, the officers at the station could not have reasonably anticipated this confluence of events, and there is no evidence that they purposely set up this scenario. There is also no evidence that they suspected Wilson would be able to identify Cullins by voice recognition. Based on the officers' mistaken belief at the time that Wilson had *Page 5 
already identified Cullins at the scene, there would have been little motive for them to set up a "coincidental" voice identification.
 {¶ 15} The second assignment of error is overruled.
 {¶ 16} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1