[Cite as *State v. Zwick*, 2014-Ohio-230.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2013 CA 4 |
| v. | : | T.C. NO. 12CR92 |
| JASON M. ZWICK | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____24th____ day of ____January____, 2014.

. . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 W. Main Street, Troy, Ohio 45373
       Attorney for Plaintiff-Appellee

ROBERT K. HENDRIX, Atty. Reg. No. 0037351, 87 S. Progress Drive, Xenia, Ohio 45385
       Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} After the trial court overruled his motion to suppress evidence and other motions, Jason M. Zwick pled no contest to one count of rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b). In exchange for the plea, two additional rape counts were dismissed. The trial court found Zwick guilty, sentenced him to ten years

to life in prison and imposed a $20,000 fine and court costs. Zwick was designated a Tier III sex offender.

{¶ 2} Zwick appeals from the trial court's judgment, claiming that the trial court erred in denying his motion to suppress. For the following reasons, the trial court's judgment will be affirmed.

{¶ 3} Zwick's sole assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENDANT'S MOTION TO SUPPRESS BELOW WHERE THE EVIDENCE SEIZED WAS BEYOND THE SCOPE OF THE ITEMS IDENTIFIED IN THE SEARCH WARRAN[T] TO BE SEARCHED FOR.

{¶ 4} The evidence at the suppression hearing included the testimony of Beavercreek Police Officer Christopher Unroe and the presentation of two search warrants with accompanying affidavits, for which Unroe was the affiant. The evidence revealed the following facts:

{¶ 5} In January 2012, Detective Marcus Penwell of the Franklin County Sheriff's Office Internet Crimes Against Children Task Force was involved in a child exploitation investigation concerning the website craigslist.com. His investigation revealed that the IP address 99.47.217.166 had been used to conduct internet chats and to send emails involving such crimes. On January 31, 2012, Penwell responded to an ad looking for "Taboo? Incest? Two Brothers or Dad and Son?," posing as a single father with eight-year-old and twelve-year-old sons. The detective quickly received a response from an individual, who asked the detective to add him on Yahoo Instant Messenger and said that his screen name

was "hotjock01." Detective Penwell did so. Penwell engaged in an online instant message exchange with hotjock01; the individual was later identified as Zwick by photos sent by Zwick to the detective and by Zwick's BMV photo.

{¶ 6} During Detective Penwell's online exchange, Zwick indicated that he had met with another father, who had a ten-year-old son, and that the father had allowed Zwick to meet and engage in anal sex with the son. Zwick solicited Penwell to allow him (Zwick) to engage in anal sex with Penwell's twelve-year-old and oral sex with the eight-year-old son. Zwick asked for photos of the children. Zwick indicated that he had met with three fathers and that they had sent him photographs of their sons or allowed him to view their sons on webcam.

{¶ 7} Detective Penwell continued to have online instant message exchanges with Zwick on least nine different dates. In one of those exchanges, Zwick asked Penwell if he would be willing to communicate with a friend of Zwick who had the "same interests." Penwell agreed and received an instant message from another individual, who was identified as Patrick Rieder. At one point, Rieder indicated to Penwell that he had met the same father and ten-year-old as Zwick, that their names were "Ken" and "Justin", respectively, and that they lived in a particular city in Miami County, Ohio. During their last exchange, Rieder told Penwell that "Ken" had asked Rieder to give Ken's email address to Penwell.

{¶ 8} On February 3, 2012, Detective Penwell obtained a search warrant for the email account that Zwick was using. The information provided by the email service provider included an email communication between Zwick and Rieder describing in detail their sexual activity with the ten-year-old boy. On February 21, 2012, a subpoena was

served on AT&T Internet Services for the IP address 99.47.217.166, which had been used on two different dates for online chats between Penwell and Zwick; the information indicated that Zwick was the owner of the IP address at 3620 Sequoia Drive in Beavercreek, Ohio.

{¶ 9} At some point in February 2012, Detective Penwell contacted Detective Unroe and provided Unroe copies of the online chats and email communications that had taken place between Penwell and Zwick, photographs of Zwick, and a statement of facts that Penwell had prepared based on his investigation. Another Beavercreek detective contacted Dayton Power and Light to verify service at 3620 Sequoia Drive; a DP&L employee stated that service was in Zwick's name and was on at the address.

{¶ 10} On February 24, 2012, Unroe prepared a warrant to search Zwick and the premises of 3620 Sequoia Drive for evidence in connection with the offenses of pandering obscenity and illegal use of a minor in nudity oriented material or performance. The warrant sought the following items:

Computer, central processing unit, computer mother boards, printed circuit boards, processor chips, all data drive, hard drives, floppy drives, optical drives, tape drives, Digital audio tape drives, and/or other internal or external storage devices such as Magnetic tapes and/or peripheral equipment, such as but not limited to printers, digital scanning equipment, automatic dialers, modems, acoustic couplers and/or direct line couplers, peripheral interface and connecting cables and/or ribbons, and computer software, programs and source documentation, computer logs, diaries, magnetic audio tape and

recorders, digital audio disks and/or recorders, any memory devices such as but Not limited to memory modules, integral RAM or ROM units, memory, bubble memory and any other form of memory device utilized by the computer or its peripheral devices and all computer related accessories not specifically mentioned herein, all equipment having been used in violation of Ohio revised code section 2907.32.2, 2907.32.3, 2923.24, any document and/or notation referring to the computer, the contents of * * * the computer, the use of the computer software and/or communications, all Information within the above listed items including but not limited to machine readable data, all previously erased data and any personal communications including but not limited to e-mail, chat capture, capture files, correspondence stored in electronic form, and/or correspondence exchanged in electric form, access numbers, passwords, personal identification numbers, any financial records, money and/or receipts kept as part and/or indicative of the obtaining, maintenance, and/or evidence of said offense, financial and licensing information with respect to the computer software and hardware, any Internet service provider and any information pertaining to the use of the Internet service provider for the retrieval of pictures depicting minors in sexually explicit activity, child pornography, and/or pictures or drawing of children clothed or unclothed. All of the above records, whether stored on paper of magnetic media such as disks, diskette or on memory storage devices such as optical disks, programmable instruments such as the telephone, electronic

address books, calculator, or other storage media together with indicia of use, ownership, possession or control of such records, photographic equipment, audio, and video equipment all having been used in violation of the Ohio Revised Code as previously stated.

{¶ 11} The proffered warrant was supported by an affidavit by Unroe, which included a chronology of Detective Penwell's investigation and set forth Unroe's experience during his four years as a detective in investigating computer-related crimes. Unroe stated in his affidavit that, in his experience, "it is common in these types of child exploitation investigations that subjects who have been involved with this type of internet activity and chats are also involved with viewing and sharing child pornography on their computers and other video and recording devices."

{¶ 12} A judge issued the warrant that night (February 24). Upon execution of the warrant by the Beavercreek police, three HP laptop computers, one HTC Droid Incredible cell phone, a Kodak printer, and multiple computer memory and data storage devices were seized.

{¶ 13} On March 5, 2012, Unroe prepared a second search warrant so that the police could conduct a search of the seized items. Unroe's affidavit in support of the warrant was substantially similar to the February 24 affidavit, but it included additional statements indicating items had been seized pursuant to the February 24 warrant. A judge authorized the second warrant on the same day (March 5).

{¶ 14} On March 15, 2012, Zwick was indicted on three counts of rape of a child under the age of 13. Two months later, Zwick moved to suppress the evidence obtained

from the police pursuant to the February 24, 2012 and March 5, 2012 search warrants.[1] Zwick claimed that the February 24 search warrant affidavit did not support a finding that there was probable cause to believe that evidence would be found related to the charges of pandering obscenity and illegal use of a minor in nudity oriented material or performance. Zwick also claimed that the search warrant affidavit was based on false information. Zwick did not assert that the police seized items beyond those authorized by the warrants.

{¶ 15} A hearing on Zwick's motion was held in July 2012, during which Unroe testified about his experience and training regarding sexual exploitation cases and how he obtained the search warrants. In a written decision, the trial court found Unroe's testimony to be credible and concluded that "there was a substantial basis on which to conclude that probable cause existed to issue the search warrant." The court further determined that Zwick did not demonstrate that any false information was included in the affidavit or that any material misstatements were made knowingly or with reckless disregard for the truth. Finally, the court found that the law enforcement officers who executed the warrants reasonably relied on the warrants and thus the exclusionary rule would not apply.

{¶ 16} On appeal, Zwick claims that the trial court should have suppressed the evidence obtained from his seized equipment, because chat logs found during the police department's search exceeded the scope of the search warrants. Specifically, Zwick states, "What the police recovered from Defendant's computer was chat logs between Defendant and other individuals regarding sexual activity * * *. No images or evidence of images was

---

[1] Zwick's motion also sought to suppress evidence purporting to identify him as the perpetrator. He subsequently withdrew the identification portion of his motion.

recovered from Defendant[']s computer. The seizure therefor exceeded the scope of the warrant." Zwick further argues the evidence was not in plain view, because the files needed to be opened and read before their incriminating nature was known.

{¶ 17} The State responds that Zwick has waived all but plain error as to the issue that he now asserts by failing to raise it in the trial court. We agree.

Under Crim.R. 47, a motion, including a motion to suppress evidence, must "state with particularity the grounds upon which it is made and shall set forth the relief or order sought." Motions to suppress evidence must be made prior to trial. Crim.R. 12(C)(3). If a motion to suppress fails to state a particular basis for relief, that issue is waived and cannot be argued on appeal. *See, e.g., State v. Cullins*, Montgomery App. No. 21881, 2007-Ohio-5978, 2007 WL 3309638, at ¶ 10; *State v. Carter*, Montgomery App. No. 21999, 2008-Ohio-2588, 2008 WL 2222717, at ¶ 20.

"The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. Therefore, the defendant must make clear the grounds upon which he challenges the submission of evidence * * *. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal." (Citations omitted.) *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218, 524 N.E.2d 889.

*State v. Demus*, 192 Ohio App.3d 181, 2011-Ohio-124, 948 N.E.2d 508, ¶ 13-14 (2d Dist.).

{¶ 18} In his motion to suppress, Zwick challenged the issuance of the search warrants, not whether the seizure of items pursuant to the warrants exceeded the scope of the warrants. Because Zwick failed to raise the scope of the warrants in the trial court, he has waived all but plain error on that issue.

{¶ 19} Upon review of the record, we cannot conclude that plain error exists. The limited record reflects that the Beavercreek police department's seizure of three computers, a cell phone, a printer, and several memory devices from Zwick's residence was within the scope of the February 24, 2012 search warrant. And assuming that the chat logs were on one or more of the seized items, the February 24 warrant permitted the seizure of, among other things, all information on the computers, memory devices, and the like, including machine readable data and personal communications, such as email, "chat capture," "capture files," and other correspondence.

{¶ 20} Zwick claims that the police should have limited their search of the seized items to photographs and that the conversations regarding sexual activity "had nothing to do with exchanges of child pornography as authorized by the warrant."

{¶ 21} The record does not indicate when the contents of the computers, cell phone, printer, and memory devices were searched, what evidence was found, or on which of the seized items the evidence was found. Nevertheless, the March 5, 2012 search warrant authorized the police to search the seized items for "any personal communications including but not limited to e-mail, chat capture, capture files, correspondence store in electronic form, and/or correspondence exchanged in electronic form" for evidence of pandering obscenity and illegal use of a minor in nudity oriented material or performance. Based on the limited

record, the search for and seizure of the chat logs appears to fall within the March 5, 2012 search warrant, authorizing a search of the contents of the electronic devices. We cannot conclude that the officers exceeded the scope of the warrant simply because chat logs related to sexual activity with children were apparently located, but photographs of children allegedly were not. There is no evidence that the officers exceeded the scope of the search warrants.

{¶ 22} Zwick's assignment of error is overruled.

{¶ 23} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Janna L. Parker
Robert K. Hendrix
Hon. Christopher Gee