**[Cite as *State v. Johnson*, 2020-Ohio-4159.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-64 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-251 |
| | : | |
| NATHANIEL JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 21st day of August, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

CHRISTOPHER J. PAGAN, Atty. Reg. No. 0062751, 1501 First Avenue, Middletown, Ohio 45044
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Nathaniel Johnson appeals from his conviction following a no-contest plea to one count of attempted manufacturing of fireworks in violation of R.C. 3743.60(A), a fourth-degree felony.

**{¶ 2}** Johnson advances two assignments of error in which he challenges the trial court's overruling of motions to suppress search warrants for two residential properties.

**{¶ 3}** The record reflects that Johnson was indicted in April 2018 on four counts of first-degree misdemeanor possession of fireworks and one count of third-degree felony manufacture of fireworks. The indictment included a forfeiture specification pertaining to fireworks and related materials seized pursuant to a search warrant.

**{¶ 4}** In May 2018, Johnson moved to suppress the evidence underlying the charges against him. That evidence had been obtained during separate searches of Johnson's home and his parents' home. Both searches were performed pursuant to warrants supported by an affidavit from an investigator with the Ohio Fire Marshal's office. At the outset of a December 6, 2019 hearing on the motions, Johnson agreed that an evidentiary hearing was not required. He agreed that the motions could be resolved based solely on a "four corners" review of the investigator's affidavit and the warrants, all of which were made part of the record. Johnson and the State then briefed their positions. In his August 13, 2018 memorandum, Johnson argued that the affidavit for a warrant to search his parents' property failed to establish probable cause. He made no other argument with regard to that search warrant. With regard to the search of his own property, Johnson argued that it was defective because he was not given a copy of the warrant at the time of the search. Rather, he inadvertently received a copy of the

supporting affidavit at the time of the search and received the actual warrant the following day. In his memorandum, he conceded that the contents of the investigator's affidavit "would be enough to obtain a search warrant for the Shawnee Trail address." (August 13, 2018 Memorandum at p. 5.)

{¶ 5} After reviewing the investigator's affidavits and the two search warrants, the trial court overruled Johnson's suppression motion. The trial court held that the search-warrant affidavit for Johnson's parents' property established probable cause to believe "evidence of unlawful possession, sale and/or use of fireworks" would be found there. (February 14, 2019 Judgment Entry at 2-4.) With regard to Johnson's own property, the trial court noted that he did "not challenge the existence of probable cause for the issuance of the search warrant[.]" (*Id.* at 5.) In any event, the trial court held that probable cause existed. (*Id.*) The trial court then found no Fourth Amendment violation arising from the fact that Johnson received a copy of the search-warrant affidavit at the time of the search and the actual warrant the following day. (*Id.* at 5-7.) The trial court also found no basis for suppression due to the fact that the investigator's affidavits referred to and incorporated by reference portions of the requested warrants that set forth "the specific details of the alleged criminal offenses, the property to be seized, and the locations of the searches." (*Id.* at 7-8.) Finally, the trial court held that the issued search warrants identified with particularity the items to be searched for and seized. (*Id.* at 8-10.)

{¶ 6} Following the trial court's ruling, Johnson pled no contest to an amended charge of attempted manufacturing of fireworks with a forfeiture specification in exchange for the dismissal of all other charges and the State's recommendation of community control sanctions. The trial court accepted the plea and made a finding of guilt. The trial

court subsequently sentenced Johnson to five years of community control. (October 2, 2019 Judgment Entry.) This appeal followed.

{¶ 7} In his first assignment of error, Johnson contends the trial court erred in overruling his motion to suppress evidence found at his parents' residence. He raises four issues in support.

{¶ 8} In his opening brief, Johnson first argues that a search warrant improperly was issued based on a finding of probable cause that a criminal violation of R.C. 3743.63 had occurred and that evidence of the offense likely would be found inside his parents' house, the garage, and the outbuildings. Johnson's opening brief asserts that a violation of R.C. 3743.63 is not a criminal offense and, therefore, that no basis existed for issuing a search warrant. In his reply brief, however, Johnson concedes that a violation of R.C. 3743.63 in fact is a criminal offense, and he withdraws his argument. Given that Johnson has withdrawn his first argument, we need not address the issue.

{¶ 9} The second issue Johnson raises is whether the investigator's affidavit provided a substantial basis for the issuing magistrate to conclude that evidence of a crime would be found inside his parents' house, the garage, and the outbuildings. Johnson argues that the affidavit failed to establish probable cause and, therefore, that the subsequently issued warrant was invalid.

{¶ 10} After setting forth her relevant experience, investigator Karen Corwin averred as follows in her search-warrant affidavit:

1. On June 27, 2016 [sic] the State Fire Marshal's Office received a referral regarding the illegal use and/or possession of fireworks from the Greene County Sheriff's Office. The complaint advised that an individual by

the name of Nate Johnson was in possession of fireworks and planning to set them off on Friday, June 30, 2017. Copies of Facebook posts from June 15, 2017, which described what Nate purchased, including photographs of receipts, Nate and unknown associates posing outside a business called Phantom Fireworks and several comments regarding the number of fireworks purchased were forwarded to the State Fire Marshal's Office.

2. Investigators with the State Fire Marshal's Office went on the Facebook page and identified what the Sheriff's Office had sent. The individual was identified as Nate Johnson, DOB 3/19/1977, with a residential address of 3937 Shawnee Trail, Jamestown, Ohio 45335.

3. Affiant further learned that Mr. Johnson was planning a fireworks show through reading his Facebook pages on June 30, 2017. Further review of his Facebook page reveals that Mr. Johnson has built racks out of what appears to be white PVC and placed in a plastic container for use in his fireworks show.

4. On June 27, 2017, a deputy with the Greene County Sheriff's Office was in the area of 4703 Waynesville Jamestown Road, when a large firework was shot off and went over the cruiser. The deputy pulled into the driveway and issued Mr. Johnson a citation for illegal use and/or possession of fireworks. Johnson admitted to setting off the firework, but claimed he was not shooting at the deputy's car. Affiant has learned that 4703 Waynesville Jamestown Road is the home of Mr. Johnson's parents.

5. On June 28, 2017, Silvercreek Township Fire Chief was contacted

by Nate Johnson, asking the Chief to grant him a permit to shoot fireworks and to inspect the location where he wanted to set them off. Johnson advised he would be set up to shoot fireworks over "the creek" and that the fireworks would be set up in such a way that once one fuse was lit, the entire inventory of fireworks would "go." The Silvercreek Township Fire Chief referred him to the State Fire Marshal's Office to get the appropriate permit or license. The Silvercreek Township Fire Chief further advised that there was a hay cart with items on it covered by a tarp down by the creek on 4703 Waynesville Jamestown Road.

6. Affiant was further advised by the Greene County Sheriff's Office of a video posted on Facebook by Mr. Johnson which depicted fireworks being shot in all directions at his home on Shawnee Trail in New Jasper Township. There have been numerous complaints made to the Greene County Sheriff's Office by neighbors of the Shawnee Trail address of fireworks being shot off.

7. Affiant is aware, in her training and experience that PVC pipe is a rigid plastic that causes shrapnel to fly when shattered, potentially causing significant injury to anyone in the area of the fireworks show. Further plastic containers nor PVC pipe are approved containers to build mortars and racks to shoot fireworks from.

8. Based on the above facts and beliefs, and in my experience and in the experience of other members of the State Fire Marshal's Office, Affiant has a good and probable cause to believe that unlawfully possessed

fireworks will be found on the premises described above. * * *

(July 5, 2018 Suppression Tr. at Joint Exh. 1.)

{¶ 11} "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶ 12} "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *Gates* at 238-239, quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 35. Trial courts and appellate courts "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *George*, paragraph two of the syllabus; State v. *Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 14.

{¶ 13} With the foregoing standards in mind, we see no error in the magistrate's probable cause determination and the issuance of a warrant to search Johnson's parents' property. Recent Facebook posts described the fireworks Johnson had purchased. Facebook posts also established that he was planning a fireworks show, that he had built racks to launch the fireworks, and that he had contacted a Sivercreek Township official

about obtaining permission for a show. Johnson told the official he intended to shoot the fireworks over "the creek." Furthermore, the official advised the investigator about "a hay cart with items on it covered by a tarp down by the creek on 4703 Waynesville Jamestown Road," which was where Johnson's parents lived. Finally, we note that Johnson recently had been observed shooting off a firework at his parents' house and had been cited by a law-enforcement officer who observed the offense.

{¶ 14} At a minimum, the foregoing facts gave the issuing magistrate a substantial basis for finding probable cause to believe Johnson illegally possessed fireworks at his parents' property, including the residence, garage, and outbuildings. Even if the issue in the present case may be close, we are mindful that "doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *George*, paragraph two of the syllabus.

{¶ 15} The third issue Johnson raises is whether the warrant for his parents' property was fatally defective in two ways. First, he notes that the "command" portion of the warrant authorized a search of "the place or places described in Paragraph III(b) above," but the warrant contained no Paragraph III(b). Johnson reasons that by referencing a missing section, "the command section failed to authorize the search of anything." Second, he contends the warrant was defective because it failed to identify any "fireworks" for seizure and instead authorized the seizure of a boilerplate list of 182 items, all or most of which he claims lack a relationship to possessing fireworks.

{¶ 16} With regard to the allegedly defective "command" section of the warrant, the State notes that Johnson failed to raise this issue below. Johnson does not disagree. Despite his failure to challenge the command section of the warrant in the trial court, he

insists that he may raise the issue on appeal. In support, he cites case law for the proposition that a party on appeal may raise a new *argument* in support of an *issue* or *claim* that was preserved below. *See, e.g., Phoenix Lighting Group, LLC v. Genlyte Thomas Group, LLC*, Ohio Slip Opinion No. 2020-Ohio-1056, __ N.E.3d __, ¶ 21-22. Johnson argues that the *issue* he raised below was "the facial validity of both warrants." He contends his appellate challenge to the command section of the warrant is simply a new *argument* in support of that issue.

{¶ 17} We find Johnson's reasoning to be unpersuasive. The correctness of his position depends on how broadly we define an *issue* and an *argument*. If we define a "new argument" broadly enough, an appellant can raise almost anything for the first time on appeal. Fortunately, in the context of a suppression motion, we are guided by Crim.R. 47, which requires a motion in a criminal case to state "with particularity the grounds upon which it is made." Based on Crim.R. 47, Ohio's appellate courts have required suppression motions to identify with particularly the asserted grounds for suppressing evidence and have found waiver when specific grounds for suppression are not raised in the trial court. *See, e.g., State v. J.A.C.*, 12th Dist. Warren Nos. 2017-04-044, 2017-04-045, 2018-Ohio-361, ¶ 21-23; *State v. Navarro*, 3d Dist. Seneca No. 13-15-28, 2016-Ohio-749, ¶ 30-33; *State v. Zwick*, 2d Dist. Miami No. 2013 CA 4, 2014-Ohio-230, ¶ 17-19; *State v. Wangler*, 3d Dist. Allen No. 1-11-18, 2012-Ohio-4878, ¶ 22-27. Here we conclude that Johnson waived his challenge to the allegedly defective command section of the warrant by failing to raise his challenge below.

{¶ 18} In any event, we also find Johnson's argument to be unpersuasive on the merits. Paragraph III of the search warrant states:

III. That the said items of property are concealed:

    a.    at the following place(s):

4703 Waynesville Jamestown Road, Jamestown, Ohio is a single story residential structure with brick and a gray roof. There is a detached garage and multiple outbuildings on the property. Surrounding curtilage including any and all outbuildings. Affiant can identify on sight.

NOW, THEREFORE, you are COMMANDED, in the name of the State of Ohio, with necessary and proper assistance, within three days, to enter into the place or places described in Paragraph III(b) above, and there diligently search for the property described in Paragraph II above. Of this warrant make due return to the undersigned, accompanied by an inventory of any property seized.

(July 5, 2018 Suppression Hearing Tr. at Joint Exh. 2.)

{¶ 19} Johnson argues that the "command" section of the warrant was required to identify the place or places to be searched. He reasons that by citing the place or places described in a non-existent Paragraph III(b), the command language failed to identify anywhere to be searched and, therefore, "failed to authorize the search of anything." We disagree. Paragraph III(a) explicitly and specifically identified the places to be searched. The command language is found in the next paragraph. Although it cites a non-existent Paragraph III(b), it is manifestly apparent that this reference is a typographical error. Contrary to the argument in Johnson's reply brief, we do not believe the present case involves an "absent command section."

{¶ 20} We also find the present case to be distinguishable from *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), which Johnson cites in his reply brief. In *Groh*, a magistrate's search warrant utterly failed to identity any of the items to be seized. It also failed to incorporate by reference a search warrant application identifying the items to be seized. *Id*. at 554-555. The United States Supreme Court found the warrant invalid because it wholly failed to identify the things to be seized, either itself or by incorporating the application. *Id*. at 557. The defect in the present case is different and much less serious. Paragraph III(a) of the warrant clearly identifies the places to be searched. The "command" section of the warrant simply contains a typographical error referring to those places as being set forth in a non-exist Paragraph III(b). We are unpersuaded that *Groh* compels us to find the warrant in Johnson's case invalid.

{¶ 21} Johnson also contends the warrant is invalid because it authorized the seizure of a boilerplate list of 182 items, all or most of which he claims lack a relationship to possessing fireworks.

{¶ 22} The warrant to search Johnson's parents' property authorized seizure of the following items:

> [A]rticles, books, cards, files, letters, magazines, newspapers, papers, and printouts containing instructions for making bombs or incendiary devices; aluminum bronzing powder, aluminum foil, ammonia, ammonium hydroxide, ammonium oxalate, ammonium trioxide, ammunition, Astrolite or its generic equivalent, bags, batteries, beakers, biocarbonate of soda, black powder, blasting caps, bleach, blowtorches, book matches, boot laces, bottles, boxes, Bunsen burners, butane, butane

canisters, calcium carbide, candles, cans, camp stove, fuel, camp stove fuel containers, carbon tetrachloride, casings, Celluloid or its generic equivalent, chlorine, CO2 cartridges, charcoal lighter, clocks, clock parts, cord, cotton, dehydrated seeds, denatured alcohol, detonators, diesel fuel, drills, drill bits, dry ice, duct tape, dynamite, electrical tape, electrical timing devices, electrical wire, electronic parts, ethanol, explosives, fermentation alcohol, *fireworks*, fuming red nitric acid, fuming sulfuric acid, fuses, gasohol, gasoline, gasoline tanks or other containers, glass tubing, glycerin, grain alcohol, gun cotton, gun powder, hacksaws, hacksaw blades, hotplates, iodine crystals, jet fuel, kerosene, kerosene tanks or other containers, knives, lamp oil, lighters, lighter fluid, magnesium, magnesium powder, magnesium ribbon, masking tape, match sticks, match tips, measuring cups, measuring spoons, mechanical timing devices, mercury, mercury fulminate, metal cuttings, metal files, metal filings, metal pipe, metal shavings, metal shears, metal tubing, mixing bowls, model rocket propellant, mortars, motor oil, motor oil containers, nails, newspapers, nitric acid, nitroglycerine, padded mailing envelopes, paint, paint cans, pestles, picric acid, pipettes, plastic pipe, plastic tubing, potassium chlorate, potassium chloride, potassium nitrate, potassium permanganate, primers, primer cord, propane canisters, propane tanks, Pyrodex or its generic equivalent, black powder, smokeless black powder, piping, pipe nipples, pipe end caps, rubber tubing, scales, scissors, Scotch tape or its generic equivalent, screws, sheet metal, shells, shipping paper, shoe laces, sodium

chlorate, solder, soldering guns, Solidox or its generic equivalent, thermometers, tin snips, TNT, torch fuel, triggers, twine, Vaseline or its generic equivalent, watches, watch parts, wax, wire, wood charcoal, wood dowels, wood files, woodmeal, wrapping paper, and writing paper. Also to include items such as furniture, clothing, weapons, photographs, books, personal papers, toys, tools and computer parts, components, monitors, storage devices, storage medium, compact disks (CD's), DVD's, flash drives and hard drives.

(Suppression Tr. at Joint Exh. 2.)

**{¶ 23}** Johnson argues that the vast majority of the foregoing items are not related to the unlawful possession, sale, or use of fireworks, which was the only offense cited in the search warrant. His entire substantive argument is as follows:

The warrant's command section also authorized agents to seize a boilerplate list of 182 items. The 182 items lack a relationship to possessing fireworks. No fireworks are identified for seizure. Instead, the listed items regard chemicals and objects to manufacture fireworks. But the affidavit alleges possession but not manufacture. This is unconstitutional. The boilerplate list of 182 items is not particularized to the possession allegations and authorized an illegal general search that failed to limit the executing agents to seizing fireworks and evidence showing possession of fireworks.

(Appellant's Brief at 4-5.)

**{¶ 24}** Upon review, we find Johnson's argument to be unpersuasive. It is true that

"an otherwise unobjectionable description of the objects to be seized is defective if it is broader than can be justified by the probable cause upon which the warrant is based." LaFave, 2 Search and Seizure § 4.6(a) (5th Ed.); *see also State v. Shaskus*, 2016-Ohio-7942, 66 N.E.3d 811, ¶ 38-40 (10th Dist.). In the present case, however, the argument Johnson advances on appeal does not appear anywhere in his May 15, 2018 suppression motion or in his subsequent August 13, 2018 memorandum. As relevant here, Johnson argued below that the warrant lacked "particularity" with regard to the things to be seized. Specifically, he asserted that "the language of the search warrant describing the items intended to be seized was so imprecise as to permit an indiscriminate sweep." (May 15, 2018 Suppression Motion at 3.) But that argument lacks merit. The command section of the warrant did not lack particularity. Nor was it imprecise. The warrant particularly and precisely identified a lengthy list of items to be seized.

{¶ 25} Johnson's argument on appeal challenges whether the warrant's command section was *overbroad* because it authorized the seizure of additional items beyond actual fireworks for which no probable cause existed. Overbreadth and a lack of particularity involve distinct legal issues. *Shaskus* at ¶ 39. Because Johnson did not raise an overbreadth argument with regard to the warrant's command section in the trial court, we are limited to plain-error review. *Cf. State v. Zwick*, 2d Dist. Miami No. 2013 CA 4, 2014-Ohio-230, ¶ 18. ("In his motion to suppress, Zwick challenged the issuance of the search warrants, not whether the seizure of items pursuant to the warrants exceeded the scope of the warrants. Because Zwick failed to raise the scope of the warrants in the trial court, he has waived all but plain error on that issue."); *State v. Terrell*, 2017-Ohio-7097, 95 N.E.3d 870, ¶ 67 (2d Dist.) ("We note that Terrell did not raise the particularity of the

warrant or the scope of the search before the trial court. The only issue before the trial court at the hearing on November 9, 2015, and the only issue the court addressed, was whether there was sufficient probable cause to support the issuance of the warrant. We conclude that Terrell waived all but plain error as to the issues that he now asserts by failing to raise them in the trial court.").

{¶ 26} We find no plain error here for at least two independent reasons. First, the trial court reasoned that "the criminal offenses alleged in the search warrants are 'Unlawful Possession, Sale and Use of Fireworks,' and the items of property to be searched for and seized described in the warrants are the evidence of commission of those criminal offenses, contraband, and things by means of which a crime has been committed or reasonably is about to be committed, such as butane containers, fuel, ethanol, explosives, fireworks, gasoline, fuses, gunpowder, triggers, primers, piping, etc." (Feb. 14, 2019 Judgment Entry at 9.) With regard to most of the items referenced in the warrant's command section, we cannot say that this finding by the trial court is plainly erroneous.

{¶ 27} Second, the record before us does not reveal what items were seized from Johnson's parents' property. Nor does the record establish that the trial court knew the identity of the items seized when it issued its suppression ruling. The record on appeal does not include an inventory sheet or anything else identifying what was found when the search warrant was executed.[1] That being so, Johnson cannot demonstrate that he was prejudiced by the improper seizure of any non-contraband items or items for which

---

[1] The two search warrant returns in the record refer to an "attached receipt/inventory." But no "receipt/inventory" is attached or included in the record. (*See* July 5, 2018 Suppression Tr. at Joint Exhibits 3, 6.)

probable cause did not exist. In the absence of evidence before the trial court *at the time of its suppression ruling* regarding the items seized, we find no plain error in the trial court's suppression ruling. *Cf. Terrell* at ¶ 69 ("Regarding the non-contraband items listed above seized in the course of the search, there was no evidence before the trial court regarding any items seized. As noted above, in addressing the trial court's decision on the motion to suppress, we will not consider the testimony adduced at trial. Plain error is not demonstrated.").

{¶ 28} The final issue under Johnson's first assignment of error is whether the good-faith exception to the exclusionary rule applies. Given that we have rejected each of Johnson's challenges to the search warrant for his parents' property, we need not address the good-faith exception. In light of our reasoning above, the good-faith issue is moot. Johnson's first assignment of error is overruled.

{¶ 29} In his second assignment of error, Johnson contends the trial court erred in overruling his motion to suppress evidence found at his own residence. In support, he raises the same four issues set forth above in connection with the warrant to search his parents' property. We need not address the first issue regarding a violation of R.C. 3743.63 not being a criminal offense, as Johnson has withdrawn that argument in his reply brief.

{¶ 30} With regard to the second issue, the State notes that in the suppression proceedings Johnson did not challenge the existence of probable cause for a warrant to search his own residence. In fact, in his post-hearing memorandum Johnson *conceded* that the information in the investigator's affidavit "would be probable cause to search" at his address. (August 13, 2018 Memorandum at 3.) Later in his memorandum, Johnson

acknowledged: "The foregoing [information in the investigator's affidavit] would be enough to obtain a search warrant for the Shawnee Trail address" where he lived. (*Id.* at 5.) Therefore, the State argues that Johnson has waived any issue with regard to the sufficiency of the investigator's affidavit. In his reply brief, Johnson fails to respond to this argument by the State.

{¶ 31} Upon review, we find the State's argument to be persuasive. As we explained above, a suppression motion must identify with particularly the asserted grounds for suppressing evidence. When specific grounds for suppression are not raised in the trial court, they are waived. Here Johnson not only failed to challenge the existence of probable cause to search his property, he explicitly conceded that probable cause existed. Under these circumstances, Johnson has waived all but plain error with regard to the adequacy of the investigator's affidavit.

{¶ 32} We see no plain error here. The investigator's June 29, 2017 affidavit sought a warrant to search Johnson's residence in connection with a violation of R.C. 3743.63, which addresses the possession or sale of fireworks. After setting forth her relevant experience, the investigator again averred:

1. On June 27, 2016 [sic] the State Fire Marshal's Office received a referral regarding the illegal use and/or possession of fireworks from the Greene County Sheriff's Office. The complaint advised that an individual by the name of Nate Johnson was in possession of fireworks and planning to set them off on Friday, June 30, 2017. Copies of Facebook posts from June 15, 2017, which described what Nate purchased, including photographs of receipts, Nate and unknown associates posing outside a business called

Phantom Fireworks and several comments regarding the number of fireworks purchased were forwarded to the State Fire Marshal's Office.

2. Investigators with the State Fire Marshal's Office went on the Facebook page and identified what the Sheriff's Office had sent. The individual was identified as Nate Johnson, DOB 3/19/1977, with a residential address of 3937 Shawnee Trail, Jamestown, Ohio 45335.

3. Affiant further learned that Mr. Johnson was planning a fireworks show through reading his Facebook pages on June 30, 2017. Further review of his Facebook page reveals that Mr. Johnson has built racks out of what appears to be white PVC and placed in a plastic container for use in his fireworks show.

4. On June 27, 2017, a deputy with the Greene County Sheriff's Office was in the area of 4703 Waynesville Jamestown Road, when a large firework was shot off and went over the cruiser. The deputy pulled into the driveway and issued Mr. Johnson a citation for illegal use and/or possession of fireworks. Johnson admitted to setting off the firework, but claimed he was not shooting at the deputy's car. Affiant has learned that 4703 Waynesville Jamestown Road is the home of Mr. Johnson's parents.

5. On June 28, 2017, Silvercreek Township Fire Chief was contacted by Nate Johnson, asking the Chief to grant him a permit to shoot fireworks and to inspect the location where he wanted to set them off. Johnson advised he would be set up to shoot fireworks over "the creek" and that the fireworks would be set up in such a way that once one fuse was lit, the entire

inventory of fireworks would "go." The Silvercreek Township Fire Chief referred him to the State Fire Marshal's Office to get the appropriate permit or license. The Silvercreek Township Fire Chief further advised that there was a hay cart with items on it covered by a tarp down by the creek on 4703 Waynesville Jamestown Road.

6. Affiant was further advised by the Greene County Sheriff's Office of a video posted on Facebook by Mr. Johnson which depicted fireworks being shot in all directions at his home on Shawnee Trail in New Jasper Township. There have been numerous complaints made to the Greene County Sheriff's Office by neighbors of the Shawnee Trail address of fireworks being shot off.

7. Affiant is aware, in her training and experience that PVC pipe is a rigid plastic that causes shrapnel to fly when shattered, potentially causing significant injury to anyone in the area of the fireworks show. Further plastic containers nor PVC pipe are approved containers to build mortars and racks to shoot fireworks from.

8. Based on the above facts and beliefs, and in my experience and in the experience of other members of the State Fire Marshal's Office, Affiant has a good and probable cause to believe that unlawfully possessed fireworks will be found on the premises described above.

(July 5, 2018 Suppression Tr. at Joint Exh. 4.)

{¶ 33} We see no error, much less plain error, in the magistrate's probable cause determination and the issuance of a warrant to search Johnson's property. Recent

Facebook posts described the fireworks Johnson had purchased. Facebook posts also established that he was planning a fireworks show, that he had built racks to launch the fireworks, and that he had contacted a local official about obtaining permission for a show. He also recently had been observed shooting off a firework and cited by a law-enforcement officer who observed the offense. Finally, the affiant referenced a video of Johnson shooting fireworks from his residence and mentioned complaints from neighbors about fireworks being discharged. In our view, these facts gave the issuing magistrate a substantial basis for finding probable cause to believe Johnson illegally possessed fireworks at his property, including the residence, garage, and outbuildings.

{¶ 34} The next issue raised under Johnson's second assignment of error is whether the "command" section of the warrant for his property was fatally defective because it referenced a non-existence Paragraph III(b). This is the same issue that Johnson raised above in connection with his challenge to the warrant for his parents' property. For the same reasons we rejected that argument in connection with Johnson's first assignment of error, we find it equally unpersuasive as it relates to his second assignment of error.

{¶ 35} As with his first assignment of error, Johnson also contends the warrant was defective because it authorized the seizure of a boilerplate list of 182 items, all or most of which he claims lacked a relationship to possessing fireworks. We reject this argument for the same reasons we rejected it above in connection with the warrant to search Johnson's parents' property.

{¶ 36} Finally, Johnson argues that the good-faith exception to the exclusionary rule does not apply. Once again, we need not address this argument. Given that we have

rejected each of Johnson's challenges to the search warrant, his good-faith argument is moot. The second assignment of error is overruled.

{¶ 37} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Marcy A. Vonderwell
Christopher J. Pagan
Michael A. Buckwalter