[Cite as *State v. Starcher*, 2026-Ohio-15.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA004 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Holmes County Court of Common Pleas, Case No. 24 CR 46 |
| ZACHARY STARCHER, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: January 5, 2026 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; Kevin W. Popham, Judges

**APPEARANCES:** ROBERT K. HENDRIX, Assistant Prosecuting Attorney, for Plaintiff-Appellee; PATRICK L. BROWN, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Zachary Starcher, appeals from the trial court's decision denying his motion to suppress. Appellee is the State of Ohio. For the reasons set forth below, we affirm the decision of the trial court.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On or about July 15, 2024, victim M.J., who was the appellant's wife, spoke with Detective Sergeant Joe Mullet of the Holmes County Sheriff's Office and provided him with a Black LG cell phone she found in her home; said cell phone was one of many utilized by the appellant. Upon finding the phone, M.J. looked through it and discovered video of her in which she had been drugged and raped by the appellant. On July 16, 2024,

Detective Sergeant Mullet submitted an Affidavit for Search Warrant to the Holmes County Municipal Court in which he averred, inter alia, the following:

On July 15, 2024 a Monday [M.J.] who has provided this Affiant with accurate and reliable information in the past met the Affiant at the Holmes County Sheriff's Office. During the course of talking to [M.J.] she handed this Affiant a Black LG cell phone. [M.J.] stated she found this found [sic] at her residence and when she went through the phone she found video of where she was drugged and raped by Zachary Starcher.

The court issued a Search Warrant the same day providing:

WHEREAS, there has been filed before me an affidavit, a copy of which is attached hereto and incorporated herein, demonstrating probable cause for a search to be made of: Cell phone being black in color LG phone, This items [sic] are currently located at the Holmes County Sheriff's Office Evidence Room located at 8105 Township Road 574 Prairie Township, Holmes County [sic]

**For certain concealed property, namely:**

Text messages, Phone contacts, Video's [sic] and photos, Facebook Messenger or any messaging App within the Black LG Cell phone. These items [sic] are currently located at the Holmes County Sheriff's Office Evidence Room located at 8105 Township Road Prairie Township, Holmes County . . .

Law enforcement officers thereafter conducted a search of the subject cell phone and found videos of the appellant with M.J., who was unresponsive. The videos showed the

appellant moving M.J.'s clothing, exposing her genitalia, and penetrating her with his fingers and a phallic object.

{¶3}    On August 12, 2024, the Holmes County Grand Jury indicted the appellant on sixteen counts, including multiple counts of Rape in violation of R.C. 2907.02(A)(2), a felony of the first degree; multiple counts of Illegal Use of a Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(1), a felony of the third degree; multiple counts of Illegal Use of a Minor or Impaired Person in  Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(3), a felony of the fifth degree; and, multiple counts of Pandering Sexually Oriented Matter Involving a Minor or Impaired Person in violation of R.C. 2907.322(A)(1), a felonies of the third and fourth degrees.  The appellant pleaded not guilty to all counts at his August 15, 2024 arraignment.

{¶4}    On October 24, 2024, the appellant filed a Motion to Suppress in which he moved the trial court to suppress photographs, videos, and/or other evidence seized from the cell phone giving rise to the charges against him. The appellee filed a Response to Defendant's Motion to Suppress on November 7, 2024. The court conducted a hearing on the appellant's Motion on November 20, 2024, and issued an Entry Denying Defendant's Motion for Order Suppressing Evidence on December 11, 2024. On January 13, 2025, the appellant pleaded no contest to counts two-seven of the Indictment. On March 5, 2025, the trial court sentenced the appellant to an aggregate sentence of eight years. The appellant filed a timely appeal in which he sets forth the following sole assignment of error:

**{¶5}** "I. THE TRIAL COURT ERRED BY DENYING MR. STARCHER'S MOTION TO SUPPRESS."

## STANDARD OF REVIEW

**{¶6}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact, and is in the best position to resolve questions of fact and to evaluate witness credibility. *Id*. See, also, *State v. Dunlap,* 73 Ohio St.3d 308, 314 (1995), quoting *State v. Fanning,* 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See*, Burnside,* supra; and, *State v. Hill,* 2024-Ohio-522, ¶16 (5th Dist.).

**{¶7}** However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra; and, *Hill,* supra. "That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review. *Ornelas,* supra. Moreover, due weight should be given 'to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Hill*, supra.

## ANALYSIS

**{¶8}** The appellant argues that the trial court erred in denying his Motion to Suppress because the search warrant did not contain temporal or subject matter limitations and therefore does not satisfy the particularity requirement of the Fourth Amendment to the United States Constitution. In addition, the appellant argues that the

search warrant itself must set forth the parameters of the search, and cannot rely on the incorporation by reference of the affidavit submitted in support. We disagree.

{¶9} The issue of search warrant particularity was discussed by the court in *State v. Swing,* 2017-Ohio-8039 (12th Dist.):

> The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals against unreasonable governmental searches and seizures. As the Fourth Amendment provides:
>
> > The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
>
> The manifest purpose of the Fourth Amendment's particularity requirement is to prevent general searches. *State v. Widmer*, 12th Dist. Warren No. CA2011-03-027, 2012-Ohio-4342, 2012 WL 4350275, ¶ 45, citing *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). As a result, "a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Massachusetts v. Sheppard*, 468 U.S. 981, 988, fn. 5, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). In assessing whether a warrant meets the particularity requirement, courts must consider "whether the warrant

provides sufficient information to 'guide and control' the judgment of the executing officer in what to seize," and "whether the category as specified is too broad in that it includes items that should not be seized." *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 79. Simply stated, a search warrant will be held sufficiently particular when it enables a searcher to reasonably ascertain and identify the things that are authorized to be seized. *Widmer*, citing *State v. McCroy*, 6th Dist. Nos. WD–09–074 and WD-09-090, 2011-Ohio-546, 2011 WL 382757, ¶ 37; and *United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir.1991).

*Id.* at ¶¶ 39-40. The affidavit submitted in support of the application for the search warrant in this case specifically stated that the Affiant, Detective Sergeant Mullet, was given a Black LG cell phone by victim M.J. that she found at her residence and which contained video of her, drugged and being raped by the appellant. The Search Warrant stated the affidavit demonstrated probable cause for a search to be made of the black LG cell phone currently located at the Holmes County Sheriff's Office Evidence Room. Furthermore, the search warrant stated that the subject cell phone could be searched for text messages, phone contacts, videos and photos, Facebook Messenger or any messaging app within the phone.

**{¶10}** The incorporation by reference of the Affidavit into the Search Warrant provides the particularity necessary for a valid search. Incorporation of an affidavit by reference in the context of a search warrant was discussed by the court in *State v. Bugno*, 2022-Ohio-2008 (7th Dist.):

. . . In determining whether a search warrant satisfies the Fourth Amendment's particularity requirement, reviewing courts employ a standard of practical accuracy rather than technical precision. *United States v. Otero* (C.A. 10, 2009), 563 F.3d 1127, 1132. "(A) search warrant is not to be assessed in a hypertechnical manner (and need not satisfy the) '(t)echnical requirements of elaborate specificity once exacted under common law pleadings.' " *United States v. Srivastava* (C.A. 4, 2008), 540 F.3d 277, 289, quoting *United States v. Ventresca,* 380 U.S. 102, 108 (1965). A search warrant will be held sufficiently particular when it enables a searcher to reasonably ascertain and identify the things authorized to be seized. *United States v. Riccardi* (C.A. 10, 2005), 405 F.3d 852, 862. "The common theme of all descriptions of the particularity standard is that the warrant must allow the executing officer to distinguish between items that may and may not be seized." *United States v. Leary* (C.A. 10, 1988), 846 F.2d 592, 600, fn. 12.

*State v. Gonzales*, 3rd Dist. Seneca Nos. 13-13-31 and 13-13-32, 2014-Ohio-557, ¶ 32.

The United States Supreme Court made clear its position on search warrants incorporating other documents, including affidavits:

We do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant. See, *e.g., United States v. McGrew,* 122 F.3d 847, 849–850 (C.A. 9, 1997); *United States v. Williamson,* 1 F.3d 1134, 1136, n. 1 (C.A. 10, 1993); *United States v. Blakeney,* 942 F.2d 1001, 1025–1026 (C.A. 6, 1991); *United States v. Maxwell,* 920 F.2d 1028, 1031 (C.A.D.C. 1990); *United States v. Curry,* 911 F.2d 72, 76–77 (C.A. 8, 1990); *United States v. Roche,* 614 F.2d 6, 8 (C.A. 1, 1980). * * *

*Groh, supra,* at 557-58.

Since *Groh,* the idea that a search warrant can cross-reference other documents, including affidavits, has been routinely upheld:

As a general rule, a supporting affidavit or document may be read together with (and considered part of) a warrant that otherwise lacks sufficient particularity "if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Groh,* 540 U.S. at 557-58, 124 S.Ct. 1284.

*United States v. Hurwitz*, 459 F.3d 463, 470-471 (4th Cir. 2006); *see also State v. Craw*, 3rd Dist. Mercer No. 10-17-09, 2018-Ohio-1769; *State v. Johnson*, 2nd Dist. Greene No. 2019-CA-64, 2020-Ohio-4159.

Appellant claims the warrant to search his Indianola business violated the Fourth Amendment because it did not include a "command to seize" section. Appellant is correct that the warrant alone does not contain any description of property to be seized. However, Appellant ignores the relevant case law and the affidavit of Special Agent Ed Carlini incorporated into the warrant by reference.

Specifically, the warrant states in part: "Based on my [the issuing judge's] review of affidavit(s) having been made before me by Special Agent Ed Carlini, Ohio Bureau of Criminal Investigation (BCI), incorporated herein by reference and attached thereto as exhibit (1)[.]" (East Indianola Warrant, Exhibit A).

(Footnote omitted.) *Id.* at ¶¶ 32-36. In the case sub judice, the Search Warrant specifically stated that it was based upon Detective Sergeant Mullet's Affidavit, and specifically incorporated the Affidavit by reference as if fully rewritten therein. The warrant therefore contained the particularity necessary to comply with the requirements of the Fourth Amendment.

**{¶11}** The appellant's argument regarding the time parameters of the videos and other evidence of the appellant's crimes against M.J. is also unpersuasive. As set forth by the Court in *State v. Castagnola,* 2015-Ohio-1565, a search warrant that includes broad categories of items to be seized may nevertheless be valid when the description is

" ' "as specific as the circumstances and the nature of the activity under investigation permit." ' " *Id.* at ¶ 80. In this case, victim M.J. was unaware of the precise date and time of her sexual assault at the hands of the appellant, as the appellant had drugged her and she was therefore not conscious during his violation of her. The information she provided to Detective Sergeant Mullet was that she saw video of the incident on the cell phone she gave to Mullet; Mullet's Affidavit set forth the information provided by M.J., who had been a reliable source for Mullet in the past. The Search Warrant, which included the Mullet Affidavit by reference, established the items that were to be sought in the search of the appellant's cell phone - videos and photos, and any communications that may shed light on the same. As set forth by the trial court in its December 11, 2024, Entry, "[b]ased on the self-report of the alleged victim, the affiant detective certainly expected to find video file(s) of sexual assault as well as any communications that might aid in determining the date(s) of the alleged offenses. The Sheriff's Office had already found video files evidencing rape on other phones belonging to Defendant as a result of seizures authorized by a previously issued search warrant."

{¶12}  Furthermore, the trial court did not err when it referenced the issue of M.J.'s purported ownership of the cell phone and consent to the search, as the trial court's decision to deny the appellant's Motion to Suppress based upon the Search Warrant and the Affidavit incorporated therein by reference was determinative in and of itself.

## CONCLUSION

{¶13} Based upon the foregoing, we find the appellant's arguments to be without merit. The appellant's sole assignment of error is overruled, and the decision of the Holmes County Court of Common Pleas is hereby affirmed.

{¶14} Costs to appellant.

By: Baldwin, P.J.

Hoffman, J. and

Popham, J. concur.